# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| LYNN GRUENWALD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cv-1447 |
| | ) | |
| ANDREW SAUL, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER & OPINION

This matter is before the Court on Plaintiff's Motion for Summary Judgment (Doc. 8) and Defendant's Motion for Summary Affirmance (Doc. 14). Plaintiff opted not to, or failed to, file a reply brief within 21 days of Defendant's motion. This matter is therefore ripe pursuant to Local Rule 8.1(E). For the reasons stated herein, Plaintiff's Motion (Doc. 8) is GRANTED and Defendant's Motion (Doc. 14) is DENIED.

### BACKGROUND

Plaintiff Lynn Gruenwald was diagnosed with chronic lymphocytic leukemia in September 2009. She underwent chemotherapy in 2011 which caused her leukemia to go into remission; it was in remission for the remaining time period covered by the record. Plaintiff worked as a hospital compliance officer until 2009, when she became the Director of Compliance at a different hospital. However, she was fired from that position on September 26, 2014.

In 2015, Plaintiff applied for disability insurance benefits, alleging an onset date of September 27, 2014. She claimed the disability was due to chronic lymphocytic leukemia, chronic fatigue, anxiety, depression, ADD, and pain and swelling in her left calf—the latter conditions were partially, but not entirely, alleged to be secondary effects of Plaintiff's cancer or chemotherapy treatment. Her application was denied both initially and on reconsideration. Plaintiff requested a hearing which was held on September 12, 2017, before Administrative Law Judge Kathleen Kadlec, who subsequently denied benefits in a decision dated January 4, 2018. In February 2018, Plaintiff underwent neuropsychological testing and evaluation. Then, in May 2018, she requested review of ALJ Kadlec's decision; the review was denied October 29, 2018. On December 17, 2018, Plaintiff filed this instant suit.

## LEGAL STANDARD

Judicial review of final decisions of the commissioner of social security are governed by 42 U.S.C. § 405(g). An ALJ's final decision must be upheld "if the correct legal standards were applied and [it is] supported with substantial evidence." *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Jozefyk v. Berryhill*, 923 F.3d 492, 496 (7th Cir. 2019) (citations omitted). Courts do not independently weigh the evidence or substitute their judgment for that of the ALJ; consequently, the ALJ's decision will be affirmed even if reasonable minds might differ on the ALJ's factual determination. *L.D.R. ex rel. Wagner v. Berryhill*, 920 F.3d 1146, 1152 (7th Cir. 2019).

## DISCUSSION

Plaintiff argues ALJ Kradec erred in (1) assigning limited or little weight to the examinations of state psychologists and Plaintiff's therapist; (2) drawing a negative credibility inference inconsistent with the record; (3) failing to address off-task time and absences; and (4) utilizing an inadequate residual functional capacity assessment (RFC) and not assessing the medical vocational framework properly. (Doc. 9 at 10–20). Additionally, she argues the Appeals Council improperly refused to remand the case to include the February 2018 neuropsychological evaluations in the record. (Doc. 9 at 13–15). Defendant argues the ALJ did not commit any of these errors, but rather based her opinion on substantial evidence in line with the applicable regulations and the Appeals Council did not err because the neuropsychological evaluations did not relate back to the relevant time period. (Doc. 14-1 at 2–22). The Court finds the Appeals Council erred in failing to remand in light of the neuropsychological evaluation, and therefore does not reach the other arguments.

As the parties agree, for remand to be appropriate, newly submitted evidence must relate to the period "on or before the date of the administrative law judge hearing decision." 20 C.F.R. 404.970(c); (Docs. 9 at 14, 14-1 at 19). The Appeals Council found the report here did not so relate and on that ground alone refused to accept it. (R. at 2).[1] Plaintiff urges that her case is analogous to *Farrell v. Astrue*, 692

---

[1] Citations to the record from the Social Security Administration proceedings are to the page in the combined record (R. at __) rather than to docket entry 6 and its

3

F.3d 767 (7th Cir. 2012). (Doc. 9 at 14). In that case, the plaintiff's physicians had suspected fibromyalgia but not performed clinical testing resulting in a diagnosis, leading the ALJ to deny benefits. *Id.* at 769–70. The plaintiff underwent clinical testing and received a definite diagnosis of fibromyalgia, but the Appeals Council did not accept the new evidence and diagnosis but instead summarily denied her petition. *Id.* at 770. The Seventh Circuit held that because the diagnosis built "on the allusions to possible fibromyalgia" in previous reports it related to the period on or before the administrative law judge hearing decision. *Id.* at 771.

This case appears to be on all fours with *Farrell*. In *Farrell*, the diagnosis was confirmed in December 2008, a month after the ALJ hearing decision in November 2008, *id.*; here the clinical testing occurred in February 2018, a month after the ALJ hearing decision in January 2018. As in *Farrell*, medical professionals had suspected the cognitive difficulties Plaintiff complained of during the relevant time period and suggested testing. (*See* Doc. 14-1 (construing Plaintiff obtaining the testing as "Plaintiff finally sought the neuropsychological testing her psychiatrist initially brought up in 2016.")). Just as the ALJ in *Farrell* "unequivocally rest[ed] in part on the determination that" no fibromyalgia diagnosis had been confirmed, *Farrell*, 692 F.3d at 771, here the ALJ's decision clearly rested on a lack of "sufficient objective medical evidence . . . shown by medically acceptable clinical and laboratory diagnostic

---

attachments where electronic filing necessitated the exhibit be broken into multiple parts.

4

techniques." (R. at 48). Therefore, again parallel to *Farrell*, the evidentiary gap upon which the ALJ decision relied was filled in by the subsequent evidence.

Defendant does not address *Farrell* or give the Court any way to distinguish it. Therefore, the Court finds it is bound by Seventh Circuit precedent to determine the February 2018 neuropsychological testing relates to the period on or before the ALJ decision in January 2018.

Defendant argues that nonetheless the case should not be remanded because Plaintiff failed to show prejudice. The argument is that substantial evidence supported the ALJ's decision; some of the neuropsychological testing indicated Plaintiff had average functioning; and the testing does "support the reliability of the complaints up to four years earlier." (Doc. 14-1 at 22). The Court cannot agree. The ALJ's decision clearly states the lack of neuropsychological testing was key to the weight given to Plaintiff's alleged memory and cognitive difficulties. (R. 48, 50). Assuming, *arguendo*, substantial evidence supported the ALJ's decision, that does not make remand inappropriate in light of new evidence which appears to undercut an important plank of the ALJ's reasoning.

That the testing had mixed results does not make remand inappropriate either. By filling in the gap the ALJ perceived in the record, Plaintiff has shown a reasonable probability the ALJ might find differently—not a certainty, true, but she needs not show that.

And exactly what weight on what periods of time the evidence ought to be given is not a decision this Court believes it ought to make. Because *Farrell* mandates a

holding that the clinical testing relates to the period on or before the ALJ's decision, it must be the case that at least some of that period is impacted by the results of the clinical testing. And since *Farrell* indicates filling in a gap as Plaintiff has done here indicates a reasonable probability the plaintiff might win, Plaintiff might receive benefits for whatever amount of time the ALJ finds the clinical testing can inferentially relate to. That, the Court thinks, is enough for remand to be appropriate.

## Conclusion

Plaintiff's Motion (Doc. 8) is GRANTED and Defendant's Motion (Doc. 14) is DENIED. This matter is REMANDED to the agency for further proceedings consistent with this Opinion. Case terminated.

SO ORDERED.

Entered this 23rd day of December 2019.

s/ Joe B. McDade  
JOE BILLY McDADE  
United States Senior District Judge